IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
AMANDA L. LEBLANC,            )
                              )
    Plaintiff,                )
                              )      CIVIL ACTION NO.
    v.                        )        2:23cv114-MHT
                              )            (WO)
PRESCOTT LAYNE ELAM, and      )
JLE INDUSTRIES, INC.,         )
                              )
    Defendants.               )
```

ORDER

The allegations of the complaint in this case are insufficient to invoke this court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). To invoke original jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship. *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).[1] The allegations must

---

    1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332.

The complaint here is insufficient because it does not properly indicate the citizenship of a party that appears to be a 'limited liability company': "JLE Industries, Inc."[2]  "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  The complaint must therefore "list the citizenships of all the members of the limited liability company." *Id*.  (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

The court notes that limited liability companies ordinarily denote that status by using the abbreviation

---

2. The company's proper title may be "JLE Industries, LLC," rather than "JLE Industries, Inc."

"LLC" in the title of the company, whereas here plaintiff uses the abbreviation "Inc." in the name and refers to JLE Industries, Inc. as a "limited liability corporation."  Complaint (Doc. 1) at 1, para. 3.  If JLE Industries is not in fact a limited liability company and accordingly is subject to different citizenship pleading requirements than those set forth in *Rolling Greens MHP*, plaintiff should replead the complaint to reflect the company's proper status.

\*\*\*

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until April 24, 2023, to amend the complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 3rd day of April, 2023.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE